FILED

1   FRANK N. DARRAS #128904, Frank@DarrasLaw.com
2   LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
    SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
3   PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

2013 SEP -3  PM 12: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

4   **D DarrasLaw**

5   3257 East Guasti Road, Suite 300
    Ontario, California 91761-1227
6   Telephone:   (909) 390-3770
    Facsimile:   (909) 974-2121
7
8   Attorneys for Plaintiff
    ALFRED STANSBURY

9

10                  UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

12   ALFRED STANSBURY,                    Case No:

13                                        ED CV 13 - 01578 VAP (DTBx)

            Plaintiff,
14                                        COMPLAINT FOR BENEFITS UNDER
                                          AN EMPLOYEE WELFARE BENEFIT
15   vs.                                  PLAN

16   LIFE INSURANCE COMPANY OF
     NORTH AMERICA,
17
18           Defendant.

19

20       Plaintiff alleges as follows:

21       1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337

22   and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security

23   Act of 1974, 29 U.S.C. § 1101, *et seq*. (hereafter "ERISA") as it involves a claim by

24   Plaintiff for Disability benefits under an employee benefit plan regulated and governed

25   under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.

26   § 1331 as this action involves a federal question.

27       2.      The events or omissions giving rise to Plaintiff's claim occurred in this

28   judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the

1    ends of justice so require.

2         3.    The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

3    the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

4    Those avenues of appeal have been exhausted.

5         4.    Plaintiff is informed and believes and thereon alleges that the Dolby

6    Laboratories, Inc. Group Employee Welfare Benefit Plan ("Plan") is an employee

7    welfare benefit plan established and maintained by Dolby Laboratories, Inc.[1] ("Dolby") to

8    provide its employees and those of its subsidiaries and affiliates, including Plaintiff,

9    ALFRED STANSBURY ("MR. STANSBURY"), with income protection in the event of a

10   disability and is the Plan Administrator.

11        5.    Plaintiff alleges upon information and belief that Defendant, LIFE

12   INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times

13   was, a corporation duly organized and existing under and by virtue of the laws of the

14   State of Pennsylvania, authorized to transact and transacting the business of insurance

15   in this state, and, the insurer and Claims Administrator for the Plan.

16        6.    Plaintiff further alleges that venue is proper in this district pursuant to 29

17   U.S.C. § 1132(e)(2)[2] in that defendant LINA, who fully insured the policy and who is

18   ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or

19   about November 1, 1956, LINA has been registered as a corporation with the state of

20   California, has extensive contacts within the state, employs California residents, conducts

21   ongoing business within the state and therefore, may be found within the state.

22        7.    At all relevant times Plaintiff was a resident and citizen of the State of

23   California, an employee of Dolby, its successors, affiliates and/or subsidiaries, and a

---

[1] According to its website, since the 1960s, Dolby Laboratories has been a leader in audio innovation. Today, Dolby technologies can be found in cinemas, professional recording studios, video games, laser discs, DVDs, mobile media, digital broadcast TV, digital cable, and satellite systems.

[2] 29 USC section 1132(e)(2) provides: "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

1    participant in the Plan.

2          8.    Based upon information and belief, Plaintiff alleges that at all relevant

3    times herein Plaintiff was covered under group disability policy LK-962094 that had

4    been issued by Defendant LINA[3] to Dolby to insure its Plan, and the eligible participants

5    and beneficiaries of the Plan, including Plaintiff. A copy of the subject policy is attached

6    hereto as Exhibit "A".

7          9.    The subject Policy promised to pay Plaintiff monthly long term disability

8    benefits for a specified period of time should he become disabled. Therefore, LINA both

9    funds and decides whether claimants will receive benefits under the Plan and as such

10   suffers from a structural conflict[4] which requires additional skepticism[5].

11         10.   According to the terms of the Policy, if Plaintiff became disabled, LINA

---

[3] Although correspondence to Plaintiff during the administration of this claim has "CIGNA" on the letterhead, LINA was the underwriting and issuing company. Additionally, according to correspondence to Plaintiff on the claim: "CIGNA Group Insurance is a registered service mark of CIGNA Intellectual Property, Inc. licensed for use by insurance company subsidiaries of CIGNA Corporation, including Life Insurance Company of North America…Products and services are provided by these insurance company subsidiaries and not by CIGNA Corporation." Therefore, both CIGNA and Life Insurance Company of North America will be referred to as "LINA" herein.

[4] Where an administrator "both decides who gets benefits and pays for them, … it has a direct financial incentive to deny claims," and therefore "labors under … a conflict of interest." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 511 F.3d 1206, 1211 (9th Cir. 2008). *See also Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2349-50 (2008) (dual role where administrator both determines eligibility for benefits and funds benefits creates a conflict of interest). Pursuant to *Abatie*, "a reviewing court must always consider the inherent conflict that exists when a plan administrator both administers and funds it." *Saffon*, 511 F.3d at 1211 (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006)(emphasis added). "When reviewing a discretionary denial of benefits by a plan administrator who is subject to a conflict of interest, [the Court] must determine the extent to which the conflict influenced the administrator's decisions and discount to that extent the deference … accorded the administrator's decision." *Id.* at 1212. As the Supreme Court recently explained, the "conflict of interest…should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to cases where an insurance company administrator has a history of biased claims administration." *Glenn*, 128 S. Ct. at 2351.

[5] We must judge the reasonableness of the plan administrator skeptically where, as here, the administrator has a conflict of interest. Even without the special skepticism we are to apply in cases of conflict of interest, deference to the plan administrator's judgment does not mean that the plan prevails. "Deference" is not a "talismanic word that can avoid the process of judgment." The conflict of interest requires additional skepticism because the plan acts as judge in its own cause. [*Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666 (9th Cir. 2011)]

---

1    promised to pay him disability benefits as follows:

| Term | Provision | | |
|------|-----------|--|--|
| **Elimination Period** | 90 days | | |
| **Gross Disability Benefit** | The lesser of 60% of an Employee's monthly Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit. | | |
| **Maximum Disability Benefit** | $15,000 per month | | |
| **Minimum Disability Benefit** | The greater of $100 or 10% of an Employee's Monthly Benefit prior to any reductions for Other Income Benefits. | | |
| **Maximum Benefit Period** | **Age When Disability Begins** | **Maximum Benefit Period** | |
| | Age 62 or under | The Employee's 65th birthday or the date the 42nd Monthly Benefit is payable, if later. | |
| | Age 63 | The date the 36th Monthly Benefit is payable. | |
| **Disabled** | The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. | | |

11.    Prior to his disability under the terms of the Plan, on or about May 9, 2012, Plaintiff, who had been employed with Dolby since on or about July 18, 2005, was working as a senior technical writer. This occupation naturally required critical thinking, complex problem solving, judgment and decision making, along with sustained concentration and attention to detail.

12.    However, Plaintiff became disabled under the terms of the Plan and

1  subsequently submitted a claim to LINA for payment of disability benefits.

2       13.   But, on or about August 22, 2012, LINA unreasonably, unlawfully,

3  capriciously and arbitrarily denied his long term disability claim. And, on or about June

4  11, 2013, LINA unreasonably, unlawfully, capriciously and arbitrarily upheld its denial of

5  the disability claim.

6       14.   According to LINA's denial letters:

7            • **August 22, 2012**: "…we are unable to approve your claim for

8              benefits…You have the right to bring a legal action for benefits

9              under the Employee Retirement Income Security Act of 1974

10             (ERISA) section 502(a) following an adverse benefit determination

11             on appeal."

12           • **June 11, 2013**: "…we must uphold our prior decision to deny Mr.

13             Stansbury's claim."

14      15.   In so doing, LINA unreasonably, unlawfully, arbitrarily and capriciously

15 failed to timely identify the medical personnel who reviewed Plaintiff's file; failed to have

16 Plaintiff independently examined[6]; relied strictly upon physical requirements of

17 occupations labeled as "sedentary" instead of taking into consideration the non-

---

18

19 [6] This in and of itself may be indicative of an attempt by an insurance company to avoid paying out on a
20 legitimate claim. See Salomaa v. Honda Long Term Disability Plan, No. 08-55426, 2011 WL 768070 at *8
   (9th Cir. Mar. 7, 2011) [*22] ("An insurance company may choose to avoid an independent medical
21 examination because of the risk that the physicians it employs may conclude that the claimant is entitled
   to benefits. The skepticism we are required to apply because of the plan's conflict of interests requires us
22 to consider the possibility in this case.")

23 Additionally, it is well established in case law that the opinions of psychiatrists and psychologists who
   have not examined the individual should be disregarded.  The reasoning for this is that, "[u]nlike
24 cardiologists or orthopedists, who can formulate medical opinions based upon objective findings derived
   from objective clinical tests, the psychiatrist typically treats his patient's subjective symptoms."  *Sheehan*
25 *v. Metropolitan Life Ins. Co.*, 368 F. Supp. 2d 228, 255 (S.D.N.Y. 2005). And, in *Smith v. Hartford Life &
   Accident Ins.Co.*, 2013 U.S.Dist.LEXIS 13868 (N.D.Cal. January 30, 2013), the court rejected an opinion
26 from Dr. Rater and cited several rulings that have been critical of psychiatric reviews - *Sheehan v. Metro.
   Life. Ins. Co.*, 368 F. Supp. 2d 228, 254-55 (S.D.N.Y. 2005); *Smith v. Bayer Corp. Long Term Disability
27 Plan*, 275 Fed. Appx. 495, 508 (6th Cir. 2008); and *Winkler v. Metro. Life Ins. Co.*, 170 Fed. Appx. 167,
   168-69 (2d Cir. 2006) ("MetLife's exclusive reliance on second-hand opinions adds to the overall picture
28 of its decision as less than fair. First-hand observation is especially important in the context of assessing
   psychiatric disabilities.") (citing *Sheehan*).

1    exertional requirements of Plaintiff's own, or any, occupation; failed to complete a full

2    and fair vocational assessment; relied upon the opinions of physicians who did not

3    examine Plaintiff, and were financially biased and/or not qualified to refute the findings

4    of Plaintiff's board certified physicians; required the medical record reviewing physician

5    to use guidelines that were not contained in the Policy/Certificate/Plan, i.e., requesting

6    the reviewer to comment on whether or not the attending treating physician's work

7    restrictions were supported "by the measured limitations in the documentation provided

8    for review" when LINA knew that "measured limitations" were not required under the

9    terms of the Policy/Certificate/Plan in order to qualify for disability, and that chronic pain

10   is not measurable[7]; and defining Limitations as "inherently measurable" losses (a

11   definition which was not contained in the Policy/Plan); and, misrepresented the terms of

12   the Policy[8].

13        16.    Additionally, LINA knew, or should have known, that the documentation

14   submitted to and/or obtained by LINA clearly substantiated his disability, including, but

15   not limited to, the following:

16   

| Date | Document/Finding |
|------|------------------|
| 01/03/2012 | **OPERATIVE REPORT** |
|  | **Postoperative diagnosis**: degenerative arthritis of the right knee with varus deformity. |

---

[7] In *Saffon*, the Ninth Circuit explained that "individual reactions to pain are subjective and not easily determined by reference to objective measurements," and stated that "[i]f MetLife is turning down [the claimant's] application for benefits based on [her] failure to produce evidence that simply is not available, that too may bear on the degree of deference the district court shall accord MetLife's decision and on its ultimate determination as to whether [the claimant] is disabled." *Saffon*, 522 F.3d at 872-73. *Saffon v. Wells Fargo & Company Long Term Disability Plan*, 522 F.3d 863 (9th Cir. 2008).

[8] In its denial letters LINA stated that "Dr. Tamulevich does not document significant deficits in activities of daily living…" and, "…work restrictions are not supported by the measured limitations in the documentation…" At the time that LINA wrote these letters it knew, or should have known, that the Plan did not require "significant deficits in activities of daily living" or "measured limitations" in order to qualify for benefits. Additionally, according to a recent court case: "Many medical conditions [such as pain] depend for their diagnosis on patient reports of pain or other symptoms, and some cannot be objectively established until autopsy. In neither case can a disability insurer condition coverage on proof by objective indicators…where the condition is recognized yet no such proof is possible…conditioning an award on the existence of evidence that cannot exist is arbitrary and capricious." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666 (9th Cir. 2011)

COMPLAINT

| | | |
|---|---|---|
| | | **Operation**: right total knee replacement |
| | 05/24/2012 | **MEDICAL RECORD**<br><br>**Medications**<br>Humira[9]<br>Methotrexate[10]<br>Gabapentin[11]<br>Prednisone[12]<br>Vicodin[13] |
| | 05/25/2012 | **MEDICAL LEAVE CERTIFICATION FORM BY DR. VON STIEFF**<br><br>Patient has severe rheumatoid arthritis[14] and fibromyalgia pain syndrome, autoimmune disorder. |
| | 08/10/2012 | **MEDICAL RECORD**<br><br>History of Present Illness:<br>Presents with Rheumatoid Arthritis<br><br>He is experiencing activity limitation and fatigue. |

---

[9] Side effects of this medication include nausea; headache; back pain; numbness or tingling; problems with vision; weakness in legs; joint pain; and dizziness.

[10] Side effects of this medication include dizziness; drowsiness; headache; blurred vision or sudden loss of vision; seizures; confusion; weakness or difficulty moving one or both sides of the body; and loss of consciousness.

[11] Side effects of this medication include drowsiness; tiredness or weakness; dizziness; headache; double or blurred vision; unsteadiness; nausea; vomiting; diarrhea; swelling of the hands, feet, ankles or lower legs; and back or joint pain.

[12] Side effects of this medication include headache; dizziness; difficulty falling asleep or staying asleep; extreme changes in mood; changes in personality; weak muscles; vision problems; seizures; and depression.

[13] This narcotic pain reliever has the following side effects: nausea; vomiting; drowsiness; dizziness; lightheadedness; fuzzy thinking; anxiety; abnormally happy or abnormally sad mood; and slowed or irregular breathing.

[14] According to the website of CIGNA, LINA's parent company: ***Rheumatoid Arthritis*** (RA) causes the joints to become swollen, stiff and painful (inflamed). The exact cause is not known. But, rheumatoid arthritis is an autoimmune disease. This means that the body's natural defense system attacks the joints. There is no single test for rheumatoid arthritis. Your doctor will do a physical exam and look at your joints for signs of swelling or tenderness. Symptoms include pain, stiffness, fatigue, and swelling in the joints of the hands, wrists, elbows, feet, ankles, knees or neck. Sometimes the disease can cause bumps called nodules to form over the elbows, Nicholas, spine and lower leg bones. The pain, stiffness, fatigue, and whole-body (systemic) symptoms of rheumatoid arthritis can be disabling. Additionally, It is common for people with rheumatoid arthritis to feel depressed. These feelings may be caused by pain and progressive disability.



| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | 10/19/2012 | **MEDICAL IMAGING REPORT**<br><br>**History**: Hand pain<br><br>**Impression**<br>Findings suggestive of rheumatoid arthritis with severe joint space narrowing and erosive changes seen about the carpal bones, and to a lesser degree second MCP joints bilaterally.. |
| 6<br>7<br>8<br>9 | 01/10/2013 | **MEDICAL NOTE BY DR. VON STIEFF**<br><br>Would your patient ever be capable of returning to work with or without reasonable accommodations?<br><br>Patient is unable to return to work with or without reasonable accommodations. |
| 10<br>11<br>12 | 01/18/2013 | **MEDICAL RECORD**<br><br>Newly diagnosed peripheral neuropathy[15].<br><br>On Cymbalta and Gabapentin |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 02/16/2013 | **LETTER FROM SPOUSE**<br><br>The following bullets are my observations about his disability.<br><br>• Difficulty bathing, dressing and putting on shoes<br><br>• Loss of fine motor coordination, anything that requires grasping small things like a toothbrush or pencil<br><br>• Spends at least half his days sitting in his chair in the front room because of pain, lethargy and depression because of his physical ailments |
| 21<br>22<br>23<br>24<br>25 | 05/01/2013 | **APPEAL LETTER**<br><br>CIGNA's vocational assessment appears to have ended with "sedentary" and failed to adequately investigate the impact Mr. Stansbury's health would have had on his ability to executively function in this type of technical field.<br><br>CIGNA has chosen to forego a field visit which would have provided a |

26
27
28

[15] Peripheral nerves carry information to and from the brain. They also carry signals to and from the spinal cord to the rest of the body. **_Peripheral neuropathy_** means these nerves don't work properly. Peripheral neuropathy may be damage to a single nerve. It may be damage to a nerve group. It may also affect nerves in the whole body. Symptoms include pain and numbness, muscle problems and weakness.

CIGNA representative an opportunity to meet with Mr. Stansbury face-to-face to discuss his medical conditions and their impact on his quality of life.  A field visit would also have allowed CIGNA an opportunity to interview those closest to him to ascertain their firsthand opinions.

From an *actual* review of the medical evidence, there is evidence supportive of Mr. Stansbury's complaints and the reported restrictions/limitations:

| DATE | SUMMARY |
|---|---|
| 09/07/2012 | Rheumatoid Arthritis.  It occurs persistently. |
| 01/07/2013 | Pain in his feet has become constant and severe.<br><br>It is burning, involves the distal half of his foot, including a tingling sensation. He has become progressively unsteady on his feet.  He was diagnosed as having diffuse peripheral neuropathy by a neurologist and started on Neurontin; Cymbalta and Wellbutrin.<br><br>He has trouble going up or down stairs, getting out of a car or getting up from a chair.  His left foot may catch on a curb.  He uses a cane because he has trouble telling where his feet are placed.<br><br>He has tingling in the 2nd through 4th fingers of hands particularly when typing, and pain between the 4th and 5th fingers.  He has pain and weakness of grip… |
| 01/10/2013 | Reports waking up and feet hurting, distal ends extending to mid-foot.  Described as burning, pin/needles/tingling.<br><br>In last year, greater amount of pain, R > L.  However, notes a weakness over L foot leading to tripping over L foot.  Describes "instability" in his ambulation. |

17.     To date, even though Plaintiff has been disabled, LINA has not paid Plaintiff any disability benefits beyond on or about the end of the Elimination Period. The arbitrary and capricious nature of LINA's denial decision is evidenced by, but not limited to, the following:

    •     LINA engaged in procedural violations of its statutory obligations under

1    ERISA, including, but not limited to, failing to promptly identify the

2    medical consultants who reviewed his file; failing to timely advise

3    Plaintiff of what specific documentation it needed from him to perfect his

4    claim; and, failing to provide a complete copy of all documents, records,

5    and other information relevant to his claim despite a request by Plaintiff

6    in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);

7    •   LINA ignored the obvious, combed the record and took selective

8    evidence out of context as a pretext to deny Plaintiff's claim; and,

9    •   LINA ignored the opinions of Plaintiff's board certified treating

10   physicians and/or misrepresented the opinions of Plaintiff's treating

11   physicians.  Deference should be given to the treating physician's

12   opinions as there are no *specific*, *legitimate* reasons for rejecting the

13   treating physicians' opinions which are based on *substantial evidence*

14   in the claim file.  Further, LINA's highly conflicted **physician's** opinion

15   does not serve as *substantial evidence*, as it is not *supported by*

16   *evidence* in the claim file, was not issued by a physician with the same

17   level of medical expertise as the board certified treating physicians, nor

18   is it *consistent with the overall evidence* in the claim file.

19   18.    For all the reasons set forth above, the decision to deny disability

20   insurance benefits was arbitrary, capricious, wrongful, unreasonable, irrational, sorely

21   contrary to the evidence, contrary to the terms of the Plan and contrary to law. Clearly,

22   LINA abused its discretion in deciding to deny this claim as the evidence shows its

23   denial decision was arbitrary and capricious. Further, LINA's denial decision and actions

24   heighten the level of skepticism with which a court views a conflicted administrator's

25   decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006)

26   and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

27   19.    Additionally, ERISA imposes higher-than-marketplace quality standards

28   on insurers. It sets forth a special standard of care upon a plan administrator, namely,

1    that the administrator "discharge [its] duties" in respect to discretionary claims

2    processing "solely in the interests of the participants and beneficiaries" of the plan, §

3    1104(a)(1); it simultaneously underscores the particular importance of accurate claims

4    processing by insisting that administrators "provide a 'full and fair review' of claim

5    denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements

6    marketplace and regulatory controls with judicial review of individual claim denials, see

7    § 1132(a)(1)(B).

8          20.    As a direct and proximate result of LINA's failure to provide Plaintiff with

9    disability benefits, Plaintiff has been deprived of said disability benefits beginning on or

10   about the end of the Elimination Period to the present date.

11         21.    As a further direct and proximate result of the denial of benefits, Plaintiff

12   has incurred attorney fees to pursue this action, and is entitled to have such fees paid

13   by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

14         22.    A controversy now exists between the parties as to whether Plaintiff is

15   disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that he

16   meets the Plan definition of disability and consequently he is entitled to all benefits from

17   the Plan to which he might be entitled while receiving disability benefits including, but

18   not limited to, any medical, vision and dental benefits, life insurance and pension, with

19   reimbursement of all expenses and premiums paid for such benefits from the

20   termination of benefits to the present.  In the alternative, Plaintiff seeks a remand for a

21   determination of Plaintiff's claim consistent with the terms of the Plan.

22         WHEREFORE, Plaintiff prays for relief against Defendants as follows:

23         1.    An award of benefits in the amount not paid Plaintiff beginning on or about

24   the end of the Elimination Period, together with interest at the legal rate on each

25   monthly payment from the date it became due until the date it is paid; plus all other

26   benefits from the Plan to which he might be entitled while receiving disability benefits

27   including, but not limited to, any medical, vision and dental benefits, life insurance and

28   pension, with reimbursement of all expenses and premiums paid for such benefits or, in

1    the alternative, a remand for a determination of Plaintiff's claim consistent with the terms

2    of the Plan;

3          2.      An order determining Plaintiff is entitled to future disability

4    payments/benefits so long as he remains disabled as defined in the Plan;

5          3.      For reasonable attorney fees incurred in this action; and,

6          4.      For such other and further relief as the Court deems just and proper.

7

8    Dated:  September 3, 2013                    DarrasLaw

9

10

11                                               FRANK N. DARRAS
                                                 LISSA A. MARTINEZ
12                                               SUSAN B. GRABARSKY
                                                 PHILLIP S. BATHER
13                                               Attorneys for Plaintiff
                                                 ALFRED STANSBURY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIFE INSURANCE COMPANY OF NORTH AMERICA
1601 CHESTNUT STREET                                            GROUP POLICY
PHILADELPHIA, PA 19192-2235
(800) 732-1603        TDD (800) 552-5744
**A STOCK INSURANCE COMPANY**

| | |
|---|---|
| **POLICYHOLDER:** | TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE MANUFACTURING INDUSTRY |
| **SUBSCRIBER:** | Dolby Laboratories, Inc. |
| **POLICY NUMBER:** | LK-962094 |
| **POLICY EFFECTIVE DATE:** | July 1, 2009 |
| **POLICY ANNIVERSARY DATE:** | July 1 |

This Policy describes the terms and conditions of coverage. It is issued in Delaware and shall be governed by its laws. The Policy goes into effect on the Policy Effective Date, 12:01 a.m. at the Policyholder's address.

In return for the required premium, the Insurance Company and the Policyholder have agreed to all the terms of this Policy.

Scott Kern, Corporate Secretary                Karen S. Rohan, President

TL-004700                                                        O/O v-2

000013                                    EXHIBIT A

## TABLE OF CONTENTS

SCHEDULE OF BENEFITS ................................................................ 1

SCHEDULE OF BENEFITS FOR CLASS 1 ............................................ 2

ELIGIBILITY FOR INSURANCE ........................................................ 4

EFFECTIVE DATE OF INSURANCE .................................................... 4

TERMINATION OF INSURANCE ....................................................... 4

CONTINUATION OF INSURANCE ..................................................... 4

DESCRIPTION OF BENEFITS .......................................................... 6

EXCLUSIONS .............................................................................. 11

CLAIM PROVISIONS .................................................................... 11

ADMINISTRATIVE PROVISIONS ..................................................... 13

GENERAL PROVISIONS ................................................................ 14

DEFINITIONS ............................................................................. 15

DOMESTIC PARTNER RIDER ......................................................... 18

000014

EXHIBIT A

## SCHEDULE OF BENEFITS

**Premium Due Date:**   The last day of each month

**Classes of Eligible Employees**

Class 1          All active, Full-time Employees of the Employer regularly working a minimum of 80 hours per two week period unless otherwise working a modified work schedule resulting from a Worker's Compensation illness or injury, excluding Employees working with the Employer as a temporary, leased or independent basis.

EXHIBIT A

## SCHEDULE OF BENEFITS FOR CLASS 1

**Eligibility Waiting Period**

For Employees hired on or before the Policy Effective Date:          No Waiting Period

For Employees hired after the Policy Effective Date:          No Waiting Period

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1.     unable to perform the material duties of his or her Regular Occupation; and
2.     unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

The Insurance Company will require proof of earnings and continued Disability.

**Definition of Covered Earnings**
Covered Earnings means an Employee's wage or salary as reported by the Employer for work performed for the Employer as in effect just prior to the date Disability begins. Covered Earnings are determined initially on the date an Employee applies for coverage. A change in the amount of Covered Earnings is effective on the first of the month following the change, if the Employer gives us written notice of the change and the required premium is paid.

It does not include amounts received as bonus, commissions, overtime pay or other extra compensation.

Any increase in an Employee's Covered Earnings will not be effective during a period of continuous Disability.

| | |
|---|---|
| **Elimination Period** | 90 days |
| **Gross Disability Benefit** | The lesser of 60% of an Employee's monthly Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit. |
| **Maximum Disability Benefit** | $15,000 per month |
| **Minimum Disability Benefit** | The greater of $100 or 10% of an Employee's Monthly Benefit prior to any reductions for Other Income Benefits. |

**Disability Benefit Calculation**
The Disability Benefit payable to the Employee is figured using the Gross Disability Benefit, Other Income Benefits and the Return to Work Incentive. Monthly Benefits are based on a 30-day month. The Disability Benefit will be prorated if payable for any period less than a month.

During any month the Employee has no Disability Earnings, the monthly benefit payable is the Gross Disability Benefit less Other Income Benefits. During any month the Employee has Disability Earnings, benefits are determined under the Return to Work Incentive. Benefits will not be less than the minimum benefit shown in the Schedule of Benefits except as provided under the section Minimum Benefit.

"Other Income Benefits" means any benefits listed in the Other Income Benefits provision that an Employee receives on his or her own behalf or for dependents, or which the Employee's dependents receive because of the Employee's entitlement to Other Income Benefits.

000016                                        EXHIBIT A

2

*Return to Work Incentive*

During any month the Employee has Disability Earnings, his or her benefits will be calculated as follows.

The Employee's monthly benefit payable will be calculated as follows during the first 24 months disability benefits are payable and the Employee has Disability Earnings:

1. Add the Employee's Gross Disability Benefit and Disability Earnings.
2. Compare the sum from 1. to the Employee's Indexed Earnings.
3. If the sum from 1. exceeds 100% of the Employee's Indexed Earnings, then subtract the Indexed Earnings from the sum in 1.
4. The Employee's Gross Disability Benefit will be reduced by the difference from 3., as well as by Other Income Benefits.
5. If the sum from 1. does not exceed 100% of the Employee's Indexed Earnings, the Employee's Gross Disability Benefit will be reduced by Other Income Benefits.

After disability benefits are payable for 24 months, the monthly benefit payable is the Gross Disability Benefit reduced by Other Income Benefits and 50% of Disability Earnings.

No Disability Benefits will be paid, and insurance will end if the Insurance Company determines the Employee is able to work under a modified work arrangement and he or she refuses to do so without Good Cause.

## Additional Benefits

*Survivor Benefit*

| | |
|---|---|
| Amount of Benefit: | 100% of the sum of the last full Disability Benefit plus the amount of any Disability Earnings by which the benefit had been reduced for that month. |
| Maximum Benefit Period | A single lump sum payment equal to 3 monthly Survivor Benefits. |

## Maximum Benefit Period

| Age When Disability Begins | Maximum Benefit Period |
|---|---|
| Age 62 or under | The Employee's 65th birthday or the date the 42nd Monthly Benefit is payable, if later. |
| Age 63 | The date the 36th Monthly Benefit is payable. |
| Age 64 | The date the 30th Monthly Benefit is payable. |
| Age 65 | The date the 24th Monthly Benefit is payable. |
| Age 66 | The date the 21st Monthly Benefit is payable. |
| Age 67 | The date the 18th Monthly Benefit is payable. |
| Age 68 | The date the 15th Monthly Benefit is payable. |
| Age 69 or older | The date the 12th Monthly Benefit is payable. |

## Initial Premium Rates

$.235 per $100 of Covered Payroll

Covered Payroll for an Employee will mean his or her Covered Earnings for the insurance month prior to the date the determination is made. However, an Employee's Covered Payroll will not include any part of his or her monthly Covered Earnings which exceed $25,000.

TL 001774

**000017**

EXHIBIT A

## ELIGIBILITY FOR INSURANCE

An Employee in one of the Classes of Eligible Employees shown in the Schedule of Benefits is eligible to be insured on the Policy Effective Date, or the day after he or she completes the Eligibility Waiting Period, if later. The Eligibility Waiting Period is the period of time the Employee must be in Active Service to be eligible for coverage. It will be extended by the number of days the Employee is not in Active Service.

Except as noted in the Reinstatement Provision, if an Employee terminates coverage and later wishes to reapply, or if a former Employee is rehired, a new Eligibility Waiting Period must be satisfied. An Employee is not required to satisfy a new Eligibility Waiting Period if insurance ends because he or she is no longer in a Class of Eligible Employees, but continues to be employed and within one year becomes a member of an eligible class.

TL-004710

## EFFECTIVE DATE OF INSURANCE

An Employee will be insured on the date he or she becomes eligible, if the Employee is not required to contribute to the cost of this insurance.

If an Employee is not in Active Service on the date insurance would otherwise be effective, it will be effective on the date he or she returns to any occupation for the Employer on a Full-time basis.

TL-004712

## TERMINATION OF INSURANCE

An Employee's coverage will end on the earliest of the following dates:
1.      the date the Employee is eligible for coverage under a plan intended to replace this coverage;
2.      the date the Policy is terminated;
3.      the date the Employee is no longer in an eligible class;
4.      the day after the end of the period for which premiums are paid;
5.      the date the Employee is no longer in Active Service;
6.      the date benefits end for failure to comply with the terms and conditions of the Policy.

Disability Benefits will be payable to an Employee who is entitled to receive Disability Benefits when the Policy terminates, if he or she remains disabled and meets the requirements of the Policy. Any period of Disability, regardless of cause, that begins when the Employee is eligible under another group disability coverage provided by any employer, will not be covered.

TL-007505.00

## CONTINUATION OF INSURANCE

This Continuation of Insurance provision modifies the Termination of Insurance provision to allow insurance to continue under certain circumstances if the Insured Employee is no longer in Active Service. Insurance that is continued under this provision is subject to all other terms of the Termination of Insurance provisions.

Disability Insurance continues if an Employee's Active Service ends due to a Disability for which benefits under the Policy are or may become payable. Premiums for the Employee will be waived while Disability Benefits are payable. If the Employee does not return to Active Service, this insurance ends when the Disability ends or when benefits are no longer payable, whichever occurs first.

000018



4

If an Employee's Active Service ends due to personal or family medical leave approved timely by the Employer, insurance will continue for an Employee for up to 12 weeks, if the required premium is paid when due.

If an Employee's Active Service ends due to any other excused short term absence from work that is reported to the Employer timely in accordance with the Employer's reporting requirements for such short term absence, insurance for an Employee will continue until the earlier of:
a.   the date the Employee's employment relationship with the Employer terminates;
b.   the date premiums are not paid when due;
c.   the end of the 30 day period that begins with the first day of such excused absence;
d.   the end of the period for which such short term absence is excused by the Employer.

Notwithstanding any other provision of this policy, if an Employee's Active Service ends due to layoff, termination of employment, or any other termination of the employment relationship, insurance will terminate and Continuation of Insurance under this provision will not apply.

If an Employee's insurance is continued pursuant to this Continuation of Insurance provision, and he or she becomes Disabled during such period of continuation, Disability Benefits will not begin until the later of the date the Elimination Period is satisfied or the date he or she is scheduled to return to Active Service.

TL-004716

## TAKEOVER PROVISION

This provision applies only to Employees eligible under this Policy who were covered for long term disability coverage on the day prior to the effective date of this Policy under the Prior Plan provided by the Policyholder or by an entity that has been acquired by the Policyholder.

A.   This section A applies to Employees who are not in Active Service on the day prior to the effective date of this Policy due to a reason for which the Prior Plan and this Policy both provide for continuation of insurance. If required premium is paid when due, the Insurance Company will insure an Employee to which this section applies against a disability that occurs after the effective date of this Policy for the affected employee group. This coverage will be provided until the earlier of the date: (a) the employee returns to Active Service, (b) continuation of insurance under the Prior Plan would end but for termination of that plan; or (c) the date continuation of insurance under this Policy would end if computed from the first day the employee was not in Active Service. The Policy will provide this coverage as follows:

1.   If benefits for a disability are covered under the Prior Plan, no benefits are payable under this Plan.
2.   If the disability is not a covered disability under the Prior Plan solely because the plan terminated, benefits payable under this Policy for that disability will be the lesser of: (a) the disability benefits that would have been payable under the Prior Plan; and (b) those provided by this Policy. Credit will be given for partial completion under the Prior Plan of Elimination Periods and partial satisfaction of pre-existing condition limitations.

000019



5

B. The Elimination Period under this Policy will be waived for a Disability which begins while the Employee is insured under this Policy if all of the following conditions are met:

   1. The Disability results from the same or related causes as a Disability for which monthly benefits were payable under the Prior Plan;
   2. Benefits are not payable for the Disability under the Prior Plan solely because it is not in effect;
   3. An Elimination Period would not apply to the Disability if the Prior Plan had not ended;
   4. The Disability begins within 6 months of the Employee's return to Active Service and the Employee's insurance under this Policy is continuous from this Policy's Effective Date.

C. Except for any amount of benefit in excess of a Prior Plan's benefits, the Pre-existing Condition Limitation will not apply to an Employee covered under a Prior Plan who satisfied the pre-existing condition limitation, if any, under that plan. If an Employee, covered under a Prior Plan, did not fully satisfy the pre-existing condition limitation of that plan, credit will be given for any time that was satisfied under the Prior Plan's pre-existing condition limitation.

Benefits will be determined based on the lesser of: (1) the amount of the gross disability benefit under the Prior Plan and any applicable maximums; and (2) those provided by this Policy.

If benefits are payable under the Prior Plan for the Disability, no benefits are payable under this Policy.

TL-G05108

## DESCRIPTION OF BENEFITS

The following provisions explain the benefits available under the Policy.  Please see the Schedule of Benefits for the applicability of these benefits to each class of Insureds.

**Disability Benefits**
The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy.  The Employee must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy.  He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid.  The Disability Benefit is shown in the Schedule of Benefits.

The Insurance Company will require continued proof of the Employee's Disability for benefits to continue.

**Elimination Period**
The Elimination Period is the period of time an Employee must be continuously Disabled before Disability Benefits are payable. The Elimination Period is shown in the Schedule of Benefits.

A period of Disability is not continuous if separate periods of Disability result from unrelated causes.

**Disability Benefit Calculation**
The Disability Benefit Calculation is shown in the Schedule of Benefits.  Monthly Disability Benefits are based on a 30 day period.  They will be prorated if payable for any period less than a month.  If an Employee is working while Disabled, the Disability Benefit Calculation will be the Return to Work Incentive.

000020

EXHIBIT A

**Return to Work Incentive**
The Return to Work Incentive is shown in the Schedule of Benefits. An Employee may work for wage or profit while Disabled. In any month in which the Employee works and a Disability Benefit is payable, the Return to Work Incentive applies.

The Insurance Company will, from time to time, review the Employee's status and will require satisfactory proof of earnings and continued Disability.

**Minimum Benefit**
The Insurance Company will pay the Minimum Benefit shown in the Schedule of Benefits despite any reductions made for Other Income Benefits. The Minimum Benefit will not apply if benefits are being withheld to recover an overpayment of benefits.

**Other Income Benefits**
An Employee for whom Disability Benefits are payable under this Policy may be eligible for benefits from Other Income Benefits. If so, the Insurance Company may reduce the Disability Benefits by the amount of such Other Income Benefits.

Other Income Benefits include:
1.   any amounts received (or assumed to be received\*) by the Employee or his or her dependents under:
     -   the Canada and Quebec Pension Plans;
     -   the Railroad Retirement Act;
     -   any local, state, provincial or federal government disability or retirement plan or law payable for Injury or Sickness provided as a result of employment with the Employer;
     -   any sick leave or salary continuation plan of the Employer;
     -   any work loss provision in mandatory "No-Fault" auto insurance.
2.   any Social Security disability or retirement benefits the Employee or any third party receives (or is assumed to receive\*) on his or her own behalf or for his or her dependents; or which his or her dependents receive (or are assumed to receive\*) because of his or her entitlement to such benefits.
3.   any Retirement Plan benefits funded by the Employer. "Retirement Plan" means any defined benefit or defined contribution plan sponsored or funded by the Employer. It does not include an individual deferred compensation agreement; a profit sharing or any other retirement or savings plan maintained in addition to a defined benefit or other defined contribution pension plan, or any employee savings plan including a thrift, stock option or stock bonus plan, individual retirement account or 401(k) plan.
4.   any proceeds payable under any franchise or group insurance or similar plan. If other insurance applies to the same claim for Disability, and contains the same or similar provision for reduction because of other insurance, the Insurance Company will pay for its pro rata share of the total claim. "Pro rata share" means the proportion of the total benefit that the amount payable under one policy, without other insurance, bears to the total benefits under all such policies.
5.   any amounts received (or assumed to be received\*) by the Employee or his or her dependents under any workers' compensation, occupational disease, unemployment compensation law or similar state or federal law payable for Injury or Sickness arising out of work with the Employer, including all permanent and temporary disability benefits. This includes any damages, compromises or settlement paid in place of such benefits, whether or not liability is admitted.
6.   any amounts paid because of loss of earnings or earning capacity through settlement, judgment, arbitration or otherwise, where a third party may be liable, regardless of whether liability is determined.

Dependents include any person who receives (or is assumed to receive\*) benefits under any applicable law because of an Employee's entitlement to benefits.

\*See the Assumed Receipt of Benefits provision.

*Increases in Other Income Benefits*

Any increase in Other Income Benefits during a period of Disability due to a cost of living adjustment will not be considered in calculating the Employee's Disability Benefits after the first reduction is made for any Other Income Benefits. This section does not apply to any cost of living adjustment for Disability Earnings.

*Lump Sum Payments*

Other Income Benefits or earnings paid in a lump sum will be prorated over the period for which the sum is given. If no time is stated, the lump sum will be prorated over five years.

If no specific allocation of a lump sum payment is made, then the total payment will be an Other Income Benefit.

*Assumed Receipt of Benefits*

The Insurance Company will assume the Employee (and his or her dependents, if applicable) are receiving benefits for which they are eligible from Other Income Benefits. The Insurance Company will reduce the Employee's Disability Benefits by the amount from Other Income Benefits it estimates are payable to the Employee and his or her dependents.

The Insurance Company will waive Assumed Receipt of Benefits, except for Disability Earnings for work the Employee performs while Disability Benefits are payable, if the Employee:

1.   provides satisfactory proof of application for Other Income Benefits;
2.   signs a Reimbursement Agreement;
3.   provides satisfactory proof that all appeals for Other Income Benefits have been made unless the Insurance Company determines that further appeals are not likely to succeed; and
4.   submits satisfactory proof that Other Income Benefits were denied.

The Insurance Company will not assume receipt of any pension or retirement benefits that are actuarially reduced according to applicable law, until the Employee actually receives them.

*Social Security Assistance*

The Insurance Company may help the Employee in applying for Social Security Disability Income (SSDI) Benefits, and may require the Employee to file an appeal if it believes a reversal of a prior decision is possible.

The Insurance Company will reduce Disability Benefits by the amount it estimates the Employee will receive, if the Employee refuses to cooperate with or participate in the Social Security Assistance Program.

**Recovery of Overpayment**

The Insurance Company has the right to recover any benefits it has overpaid. The Insurance Company may use any or all of the following to recover an overpayment:

1.   request a lump sum payment of the overpaid amount;
2.   reduce any amounts payable under this Policy; and/or
3.   take any appropriate collection activity available to it.

The Minimum Benefit amount will not apply when Disability Benefits are reduced in order to recover any overpayment.

If an overpayment is due when the Employee dies, any benefits payable under the Policy will be reduced to recover the overpayment.

000022


EXHIBIT A

**Successive Periods of Disability**

A separate period of Disability will be considered continuous:

1.      if it results from the same or related causes as a prior Disability for which benefits were payable; and

2.      if, after receiving Disability Benefits, the Employee returns to work in his or her Regular Occupation for less than 6 consecutive months; and

3.      if the Employee earns less than the percentage of Indexed Earnings that would still qualify him or her to meet the definition of Disability/Disabled during at least one month.

Any later period of Disability, regardless of cause, that begins when the Employee is eligible for coverage under another group disability plan provided by any employer will not be considered a continuous period of Disability.

For any separate period of disability which is not considered continuous, the Employee must satisfy a new Elimination Period.

## LIMITATIONS

**Limited Benefit Periods for Mental or Nervous Disorders**

The Insurance Company will pay Disability Benefits on a limited basis during an Employee's lifetime for a Disability caused by, or contributed to by, any one or more of the following conditions. Once 24 monthly Disability Benefits have been paid, no further benefits will be payable for any of the following conditions.

1)      Anxiety disorders
2)      Delusional (paranoid) disorders
3)      Depressive disorders
4)      Eating disorders
5)      Mental illness
6)      Somatoform disorders (psychosomatic illness)

If, before reaching his or her lifetime maximum benefit, an Employee is confined in a hospital for more than 14 consecutive days, that period of confinement will not count against his or her lifetime limit. The confinement must be for the Appropriate Care of any of the conditions listed above.

**Limited Benefit Periods for Alcoholism and Drug Addiction or Abuse**

The Insurance Company will pay Disability Benefits on a limited basis during an Employee's lifetime for a Disability caused by, or contributed to by, any one or more of the following conditions. Once 24 monthly Disability Benefits have been paid, no further benefits will be payable for any of the following conditions.

1)      Alcoholism
2)      Drug addiction or abuse

If, before reaching his or her lifetime maximum benefit, an Employee is confined in a hospital for more than 14 consecutive days, that period of confinement will not count against his or her lifetime limit. The confinement must be for the Appropriate Care of any of the conditions listed above.

**Pre-Existing Condition Limitation**

The Insurance Company will not pay benefits for any period of Disability caused or contributed to by, or resulting from, a Pre-existing Condition. A "Pre-existing Condition" means any Injury or Sickness for which the Employee incurred expenses, received medical treatment, care or services including diagnostic measures, took prescribed drugs or medicines, or for which a reasonable person would have consulted a Physician within 3 months before his or her most recent effective date of insurance.



The Pre-existing Condition Limitation will apply to any added benefits or increases in benefits. This limitation will not apply to a period of Disability that begins after an Employee is covered for at least 12 months after his or her most recent effective date of insurance, or the effective date of any added or increased benefits.

TL-007500.00

## ADDITIONAL BENEFITS

**Rehabilitation During a Period of Disability**
If the Insurance Company determines that a Disabled Employee is a suitable candidate for rehabilitation, the Insurance Company may require the Employee to participate in a Rehabilitation Plan and assessment at our expense. The Insurance Company has the sole discretion to approve the Employee's participation in a Rehabilitation Plan and to approve a program as a Rehabilitation Plan. The Insurance Company will work with the Employee, the Employer and the Employee's Physician and others, as appropriate, to perform the assessment, develop a Rehabilitation Plan, and discuss return to work opportunities.

The Rehabilitation Plan may, at the Insurance Company's discretion, allow for payment of the Employee's medical expense, education expense, moving expense, accommodation expense or family care expense while he or she participates in the program.

If an Employee fails to fully cooperate in all required phases of the Rehabilitation Plan and assessment without Good Cause, no Disability Benefits will be paid, and insurance will end.

TL-007501.00

**Survivor Benefit**
The Insurance Company will pay a Survivor Benefit if an Employee dies while Monthly Benefits are payable. The Employee must have been continuously Disabled before the first benefit is payable. These benefits will be payable for the Maximum Benefit Period for Survivor Benefits.

Benefits will be paid to the Employee's Spouse. If there is no Spouse, benefits will be paid in equal shares to the Employee's surviving Children. If there are no Spouse and no Children, benefits will be paid to the Employee's estate.

"Spouse" means an Employee's lawful spouse. "Children" means an Employee's unmarried children under age 21 who are chiefly dependent upon the Employee for support and maintenance. The term includes a stepchild living with the Employee at the time of his or her death.

TL-005107

## TERMINATION OF DISABILITY BENEFITS

Benefits will end on the earliest of the following dates:
1. the date the Employee earns from any occupation, more than the percentage of Indexed Earnings set forth in the definition of Disability applicable to him or her at that time;
2. the date the Insurance Company determines he or she is not Disabled;
3. the end of the Maximum Benefit Period;
4. the date the Employee dies;
5. the date the Employee refuses, without Good Cause, to fully cooperate in all required phases of the Rehabilitation Plan and assessment;
6. the date the Employee is no longer receiving Appropriate Care;
7. the date the Employee fails to cooperate with the Insurance Company in the administration of the claim. Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due.



Benefits may be resumed if the Employee begins to cooperate fully in the Rehabilitation Plan within 30 days of the date benefits terminated.

TL-007502.00

## EXCLUSIONS

The Insurance Company will not pay any Disability Benefits for a Disability that results, directly or indirectly, from:

1. suicide, attempted suicide, or self-inflicted injury while sane or insane.
2. war or any act of war, whether or not declared.
3. active participation in a riot.
4. commission of a felony.
5. the revocation, restriction or non-renewal of an Employee's license, permit or certification necessary to perform the duties of his or her occupation unless due solely to Injury or Sickness otherwise covered by the Policy.

In addition, the Insurance Company will not pay Disability Benefits for any period of Disability during which the Employee is incarcerated in a penal or corrections institution.

TL-007503.00

## CLAIM PROVISIONS

### Notice of Claim

Written notice, or notice by any other electronic/telephonic means authorized by the Insurance Company, must be given to the Insurance Company within 31 days after a covered loss occurs or begins or as soon as reasonably possible. If written notice, or notice by any other electronic/telephonic means authorized by the Insurance Company, is not given in that time, the claim will not be invalidated or reduced if it is shown that notice was given as soon as was reasonably possible. Notice can be given at our home office in Philadelphia, Pennsylvania or to our agent. Notice should include the Employer's Name, the Policy Number and the claimant's name and address.

### Claim Forms

When the Insurance Company receives notice of claim, the Insurance Company will send claim forms for filing proof of loss. If claim forms are not sent within 15 days after notice is received by the Insurance Company, the proof requirements will be met by submitting, within the time required under the "Proof of Loss" section, written proof, or proof by any other electronic/telephonic means authorized by the Insurance Company, of the nature and extent of the loss.

### Claimant Cooperation Provision

Failure of a claimant to cooperate with the Insurance Company in the administration of the claim may result in termination of the claim. Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due.

### Insurance Data

The Employer is required to cooperate with the Insurance Company in the review of claims and applications for coverage. Any information the Insurance Company provides in these areas is confidential and may not be used or released by the Employer if not permitted by applicable privacy laws.

000025                    EXHIBIT A

11

**Proof of Loss**

Written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, must be given to the Insurance Company within 90 days after the date of the loss for which a claim is made. If written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, is not given in that 90 day period, the claim will not be invalidated nor reduced if it is shown that it was given as soon as was reasonably possible. In any case, written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, must be given not more than one year after that 90 day period. If written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, is provided outside of these time limits, the claim will be denied. These time limits will not apply while the person making the claim lacks legal capacity.

Written proof, or proof by any other electronic/telephonic means authorized by the Insurance Company, that the loss continues must be furnished to the Insurance Company at intervals required by us. Within 30 days of a request, written proof of continued Disability and Appropriate Care by a Physician must be given to the Insurance Company.

**Time of Payment**

Disability Benefits will be paid at regular intervals of not less frequently than once a month. Any balance, unpaid at the end of any period for which the Insurance Company is liable, will be paid at that time.

**To Whom Payable**

Disability Benefits will be paid to the Employee. If any person to whom benefits are payable is a minor or, in the opinion of the Insurance Company, is not able to give a valid receipt, such payment will be made to his or her legal guardian. However, if no request for payment has been made by the legal guardian, the Insurance Company may, at its option, make payment to the person or institution appearing to have assumed custody and support.

If an Employee dies while any Disability Benefits remain unpaid, the Insurance Company may, at its option, make direct payment to any of the following living relatives of the Employee: spouse, mother, father, children, brothers or sisters; or to the executors or administrators of the Employee's estate. The Insurance Company may reduce the amount payable by any indebtedness due.

Payment in the manner described above will release the Insurance Company from all liability for any payment made.

**Physical Examination and Autopsy**

The Insurance Company, at its expense, will have the right to examine any person for whom a claim is pending as often as it may reasonably require. The Insurance Company may, at its expense, require an autopsy unless prohibited by law.

**Legal Actions**

No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, has been furnished as required by the Policy. No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.

**Time Limitations**

If any time limit stated in the Policy for giving notice of claim or proof of loss, or for bringing any action at law or in equity, is less than that permitted by the law of the state in which the Employee lives when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state.

EXHIBIT A

**Physician/Patient Relationship**
The Insured will have the right to choose any Physician who is practicing legally.  The Insurance
Company will in no way disturb the Physician/patient relationship.

TL-004724

## ADMINISTRATIVE PROVISIONS

**Premiums**
The premiums for this Policy will be based on the rates currently in force, the plan and the amount of
insurance in effect.

**Changes in Premium Rates**
The premium rates may be changed by the Insurance Company from time to time with at least 31 days
advance written notice.  No change in rates will be made until 36 months after the Policy Effective Date.
An increase in rates will not be made more often than once in a 12 month period.  However, the Insurance
Company reserves the right to change the rates even during a period for which the rate is guaranteed if
any of the following events take place.

1.      The terms of the Policy change.
2.      A division, subsidiary, affiliated company or eligible class is added or deleted from the Policy.
3.      There is a change in the factors bearing on the risk assumed.
4.      Any federal or state law or regulation is amended to the extent it affects the Insurance Company's
        benefit obligation.
5.      The Insurance Company determines that the Employer has failed to promptly furnish any
        necessary information requested by the Insurance Company, or has failed to perform any other
        obligations in relation to the Policy.

If an increase or decrease in rates takes place on a date that is not a Premium Due Date, a pro rata
adjustment will apply from the date of the change to the next Premium Due Date.

**Reporting Requirements**
The Employer must, upon request, give the Insurance Company any information required to determine
who is insured, the amount of insurance in force and any other information needed to administer the plan
of insurance.

**Payment of Premium**
The first premium is due on the Policy Effective Date.  After that, premiums will be due monthly unless
the Employer and the Insurance Company agree on some other method of premium payment.

If any premium is not paid when due, the plan will be canceled as of the Premium Due Date, except as
provided in the Policy Grace Period section.

**Notice of Cancellation**
The Employer or the Insurance Company may cancel the Policy as of any Premium Due Date by giving
31 days advance written notice.  If a premium is not paid when due, the Policy will automatically be
canceled as of the Premium Due Date, except as provided in the Policy Grace Period section.

**Policy Grace Period**
A Policy Grace Period of 31 days will be granted for the payment of the required premiums under this
Policy.  This Policy will be in force during the Policy Grace Period.  The Employer is liable to the
Insurance Company for any unpaid premium for the time this Policy was in force.

EXHIBIT A

**Reinstatement of Insurance**

An Employee's insurance may be reinstated if it ends because the Employee is on an unpaid leave of absence.

An Employee's insurance may be reinstated only if reinstatement occurs within 12 weeks from the date insurance ends due to an Employer approved unpaid leave of absence or must be returning from military service pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). For insurance to be reinstated the following conditions must be met.

1.    An Employee must be in a Class of Eligible Employees.
2.    The required premium must be paid.
3.    A written request for reinstatement must be received by the Insurance Company within 31 days from the date an Employee returns to Active Service.

Reinstated insurance will be effective on the date the Employee returns to Active Service. If an Employee did not fully satisfy the Eligibility Waiting Period or the Pre-Existing Condition Limitation (if any) before insurance ended due to an unpaid leave of absence, credit will be given for any time that was satisfied.

TL-004720

## GENERAL PROVISIONS

**Entire Contract**

The entire contract will be made up of the Policy, the application of the Employer, a copy of which is attached to the Policy, and the applications, if any, of the Insureds.

**Incontestability**

All statements made by the Employer or by an Insured are representations not warranties. No statement will be used to deny or reduce benefits or as a defense to a claim, unless a copy of the instrument containing the statement has been furnished to the claimant. In the event of death or legal incapacity, the beneficiary or representative must receive the copy.

After two years from an Insured's effective date of insurance, or from the effective date of any added or increased benefits, no such statement will cause insurance to be contested except for fraud or eligibility for coverage.

**Misstatement of Age**

If an Insured's age has been misstated, the Insurance Company will adjust all benefits to the amounts that would have been purchased for the correct age.

**Policy Changes**

No change in the Policy will be valid until approved by an executive officer of the Insurance Company. This approval must be endorsed on, or attached to, the Policy. No agent may change the Policy or waive any of its provisions.

**Workers' Compensation Insurance**

The Policy is not in lieu of and does not affect any requirements for insurance under any Workers' Compensation Insurance Law.

**Certificates**

A certificate of insurance will be delivered to the Employer for delivery to Insureds. Each certificate will list the benefits, conditions and limits of the Policy. It will state to whom benefits will be paid.

000028  EXHIBIT A

**Assignment of Benefits**
The Insurance Company will not be affected by the assignment of an Insured's certificate until the original assignment or a certified copy of the assignment is filed with the Insurance Company. The Insurance Company will not be responsible for the validity or sufficiency of an assignment. An assignment of benefits will operate so long as the assignment remains in force provided insurance under the Policy is in effect. This insurance may not be levied on, attached, garnisheed, or otherwise taken for a person's debts. This prohibition does not apply where contrary to law.

**Clerical Error**
A person's insurance will not be affected by error or delay in keeping records of insurance under the Policy. If such an error is found, the premium will be adjusted fairly.

**Agency**
The Employer and Plan Administrator are agents of the Employee for transactions relating to insurance under the Policy. The Insurance Company is not liable for any of their acts or omissions.

TL-004726

**Certain Internal Revenue Code (IRC) & Internal Revenue Service (IRS) Functions**
The Insurer may agree with the Subscriber to perform certain functions required by the Internal Revenue Code and IRS regulations. Such functions may include the preparation and filing of wage and tax statements (Form W-2) for disability benefit payments made under this Policy. In consideration of the payment of premiums by the Subscriber, the Insurer waives the right to transfer liability with respect to the employer taxes imposed on the Insurer by IRS Regulation 32.1(e)(1) for monthly Disability payments made under this Policy. Employee money may not be used to fund the Premium for the services and payments of this section.

TL-009230.00

# DEFINITIONS

Please note, certain words used in this document have specific meanings. These terms will be capitalized throughout this document. The definition of any word, if not defined in the text where it is used, may be found either in this Definitions section or in the Schedule of Benefits.

**Active Service**
An Employee is in Active Service on a day which is one of the Employer's scheduled work days if either of the following conditions are met.

1. The Employee is performing his or her regular occupation for the Employer on a full-time basis. He or she must be working at one of the Employer's usual places of business or at some location to which the employer's business requires an Employee to travel.
2. The day is a scheduled holiday or vacation day and the Employee was performing his or her regular occupation on the preceding scheduled work day.

An Employee is in Active Service on a day which is not one of the Employer's scheduled work days only if he or she was in Active Service on the preceding scheduled work day.

**Appropriate Care**
Appropriate Care means the determination of an accurate and medically supported diagnosis of the Employee's Disability by a Physician, or a plan established by a Physician of ongoing medical treatment and care of the Disability that conforms to generally accepted medical standards, including frequency of treatment and care.

000029                                    EXHIBIT A

15

**Consumer Price Index (CPI-W)**
The Consumer Price Index for Urban Wage Earners and Clerical Workers published by the U.S. Department of Labor. If the index is discontinued or changed, another nationally published index that is comparable to the CPI-W will be used.

**Disability Earnings**
Any wage or salary for any work performed for any employer during the Employee's Disability, including commissions, bonus, overtime pay or other extra compensation.

**Employee**
For eligibility purposes, an Employee is an employee of the Employer in one of the "Classes of Eligible Employees." Otherwise, Employee means an employee of the Employer who is insured under the Policy.

**Employer**
The Employer who has subscribed to the Policyholder and for the benefit of whose Employees this policy has been issued. The Employer, named as the Subscriber on the front of this Policy, includes any affiliates or subsidiaries covered under the Policy. The Employer is acting as an agent of the Insured for transactions relating to this insurance. The actions of the Employer shall not be considered the actions of the Insurance Company.

**Full-time**
Full-time means the number of hours set by the Employer as a regular work day for Employees in the Employee's eligibility class.

**Good Cause**
A medical reason preventing participation in the Rehabilitation Plan. Satisfactory proof of Good Cause must be provided to the Insurance Company.

**Indexed Earnings**
For the first 12 months Monthly Benefits are payable, Indexed Earnings will be equal to Covered Earnings. After 12 Monthly Benefits are payable, Indexed Earnings will be an Employee's Covered Earnings plus an increase applied on each anniversary of the date Monthly Benefits became payable. The amount of each increase will be the lesser of:
1.     10% of the Employee's Indexed Earnings during the preceding year of Disability; or
2.     the rate of increase in the Consumer Price Index (CPI-W) during the preceding calendar year.

**Injury**
Any accidental loss or bodily harm which results directly and independently of all other causes from an Accident.

**Insurability Requirement**
An eligible person will satisfy the Insurability Requirement for an amount of coverage on the day the Insurance Company agrees in writing to accept him or her as insured for that amount. To determine a person's acceptability for coverage, the Insurance Company will require evidence of good health and may require it be provided at the Employee's expense.

**Insurance Company**
The Insurance Company underwriting the Policy is named on the Policy cover page.

**Insured**
A person who is eligible for insurance under the Policy, for whom insurance is elected, the required premium is paid and coverage is in force under the Policy.

000030

EXHIBIT A 

**Physician**

Physician means a licensed doctor practicing within the scope of his or her license and rendering care and treatment to an Insured that is appropriate for the condition and locality. The term does not include an Employee, an Employee's spouse, the immediate family (including parents, children, siblings or spouses of any of the foregoing, whether the relationship derives from blood or marriage), of an Employee or spouse, or a person living in an Employee's household.

**Prior Plan**

The Prior Plan refers to the plan of insurance providing similar benefits sponsored by the Employer in effect directly prior to the Policy Effective Date. A Prior Plan will include the plan of a company in effect on the day prior to that company's addition to this Policy after the Policy Effective Date.

**Regular Occupation**

The occupation the Employee routinely performs at the time the Disability begins. In evaluating the Disability, the Insurance Company will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location.

**Rehabilitation Plan**

A written plan designed to enable the Employee to return to work. The Rehabilitation Plan will consist of one or more of the following phases:

1.      rehabilitation, under which the Insurance Company may provide, arrange or authorize educational, vocational or physical rehabilitation or other appropriate services;
2.      work, which may include modified work and work on a part-time basis.

**Sickness**

Any physical or mental illness.

TL-007500.00

000031

EXHIBIT A

**Life Insurance Company of North America**
a stock insurance company

Rider to Group Policy No.   LK-962094
Effective Date of Rider:  July 1, 2009

Eligible Classes to which this Rider applies:  All Classes

### MODIFICATION OF GROUP DISABILITY POLICY
### TO ADD DOMESTIC PARTNER AS AN ELIGIBLE SURVIVOR UNDER THE SURVIVOR BENEFIT

The Survivor Benefit are modified in the Policy as follows:

1.    All references to the term "Spouse" are replaced by "Spouse or Domestic Partner" except for the following references:
   a.   The first reference to "Spouse" in the benefit text is changed to "Spouse, or Domestic Partner if there is no Spouse,"
   b.   The text pertaining to the definition of "Spouse" remains unchanged.

2.    The following definition of Domestic Partner is added.

      "Domestic Partner" means a person who is registered as the Employee's domestic partner with the California Secretary of State.

Except for the above, this Rider does not change the Group Policy to which it is attached.

**Life Insurance Company of North America**

By:

      Karen S. Rohan, President

TL-007152-1.05

EXHIBIT A

**LIFE INSURANCE COMPANY OF NORTH AMERICA**
(herein called the Insurance Company)

**AMENDATORY RIDER**

**CLAIM PROCEDURES APPLICABLE TO PLANS SUBJECT TO THE
EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")**

The provisions below amend the Policy to which they are attached.  They apply to all claims for benefits under the Policy.  They supplement other provisions of the Policy relating to claims for benefits.

This Policy has been issued in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA").  This Policy is a Plan document within the meaning of ERISA.  As respects the Insurance Company, it is the sole contract under which benefits are payable by the Insurance Company.  Except for this, it shall not be deemed to affect or supersede other Plan documents.

The Plan Administrator has appointed the Insurance Company as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims.

**Review of Claims for Benefits**

The Insurance Company has 45 days from the date it receives a claim for disability benefits, or 90 days from the date it receives a claim for any other benefit, to determine whether or not benefits are payable in accordance with the terms of the Policy.  The Insurance Company may require more time to review the claim if necessary due to matters beyond its control.  If this should happen, the Insurance Company must provide notice in writing that its review period has been extended for:

    (i)      up to two more 30 day periods (in the case of a claim for disability benefits); or
    (ii)     90 days more (in the case of any other benefit).

If this extension is made because additional information must be furnished, these extension periods will begin when the additional information is received.  The requested information must be furnished within 45 days.

During the review period, the Insurance Company may require:

    (i)      a medical examination of the Insured, at its own expense; or
    (ii)     additional information regarding the claim.

If a medical examination is required, the Insurance Company will notify the Insured of the date and time of the examination and the physician's name and location.  If additional information is required, the Insurance Company must notify the claimant, in writing, stating what information is needed and why it is needed.

If the claim is approved, the Insurance Company will pay the appropriate benefit.

000033

EXHIBIT A

If the claim is denied, in whole or in part, the Insurance Company will provide written notice within the review period. The Insurance Company's written notice will include the following information:

1. The specific reason(s) the claim was denied.
2. Specific reference to the Policy provision(s) on which the denial was based.
3. Any additional information required for the claim to be reconsidered, and the reason this information is necessary.
4. In the case of any claim for a disability benefit: identification of any internal rule, guideline or protocol relied on in making the claim decision, and an explanation of any medically-related exclusion or limitation involved in the decision.
5. A statement regarding the right to appeal the decision, and an explanation of the appeal procedure, including a statement of the right to bring a civil action under Section 502(a) of ERISA if the appeal is denied.

**Appeal Procedure for Denied Claims**

Whenever a claim is denied, there is the right to appeal the decision. A written request for appeal must be made to the Insurance Company within 60 days (180 days in the case of any claim for disability benefits) from the date the denial was received. If a request is not made within that time, the right to appeal will have been waived.

Once a request has been received by the Insurance Company, a prompt and complete review of the claim will take place. This review will give no deference to the original claim decision. It will not be made by the person who made the initial claim decision, or a subordinate of that person. During the review, the claimant (or the claimant's duly authorized representative) has the right to review any documents that have a bearing on the claim, including the documents which establish and control the Plan. Any medical or vocational experts consulted by the Insurance Company will be identified. Issues and comments that might affect the outcome of the review may also be submitted.

The Insurance Company has 60 days (45 days, in the case of any disability benefit) from the date it receives a request to review the claim and provide its decision. Under special circumstances, the Insurance Company may require more time to review the claim. If this should happen, the Insurance Company must provide notice, in writing, that its review period has been extended for an additional 60 days (45 days in the case of any disability benefit). Once its review is complete, the Insurance Company must state, in writing, the results of the review and indicate the Plan provisions upon which it based its decision.

President

TL-009000

000034        EXHIBIT A

20

## IMPORTANT CHANGES FOR STATE REQUIREMENTS

If an Employee resides in one of the following states, the provisions of the certificate are modified for residents of the following states. The modifications listed apply only to residents of that state.

**Louisiana residents:**
   The percentage of Indexed Earnings, if any, that qualifies an insured to meet the definition of Disability/Disabled may not be less than 80%.

**Minnesota residents:**
   The Pre-existing Condition Limitation, if any, may not be longer than 24 months from the insured's most recent effective date of insurance.

**Texas residents:**
   Any provision offsetting or otherwise reducing any benefit by an amount payable under an individual or franchise policy will not apply.

000035



**LIFE INSURANCE COMPANY OF NORTH AMERICA**
**PHILADELPHIA, PA 19192-2235**

We, Dolby Laboratories, Inc., whose main office address is San Francisco, CA, hereby approve and accept the terms of Group Policy Number LK-962094 issued by the LIFE INSURANCE COMPANY OF NORTH AMERICA to the TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE MANUFACTURING INDUSTRY.

This form is to be signed in duplicate.  One part is to be retained by Dolby Laboratories, Inc.; the other part is to be returned to the LIFE INSURANCE COMPANY OF NORTH AMERICA.

Dolby Laboratories, Inc.

Signature and Title: _____   Date: _____

(This Copy Is To Be Returned To Life Insurance Company of North America)

--------------------------------------------------------------------------------

**LIFE INSURANCE COMPANY OF NORTH AMERICA**
**PHILADELPHIA, PA 19192-2235**

We, Dolby Laboratories, Inc., whose main office address is San Francisco, CA, hereby approve and accept the terms of Group Policy Number LK-962094 issued by the LIFE INSURANCE COMPANY OF NORTH AMERICA to the TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE MANUFACTURING INDUSTRY.

This form is to be signed in duplicate.  One part is to be retained by Dolby Laboratories, Inc.; the other part is to be returned to the LIFE INSURANCE COMPANY OF NORTH AMERICA.

Dolby Laboratories, Inc.

Signature and Title: _____   Date: _____

(This Copy Is To Be Retained By Dolby Laboratories, Inc.)

000036

EXHIBIT A

---

### CALIFORNIA LIFE AND HEALTH INSURANCE
### GUARANTY ASSOCIATION ACT
### SUMMARY DOCUMENT AND DISCLAIMER

---

Residents of California who purchase life and health insurance and annuities should know that the insurance companies licensed in this state to write these types of insurance are members of the California Life and Health Insurance Guaranty Association. The purpose of this Association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations. If this should happen, the Association will assess its other member insurance companies for the money to pay the claims of insured persons who live in this state and, in some cases, to keep coverage in force. The valuable extra protection provided through the Association is not unlimited, as noted in the box below, and is not a substitute for consumers' care in selecting well managed and financially stable insurers.

---

**The California Life and Health Insurance Guaranty Association may not provide coverage for this insurance. If coverage is provided, it may be subject to substantial limitations or exclusions, and require continued residency in the state. You should not rely on coverage by the Association in selecting an insurance company or in selecting an insurance policy.**

**Coverage is NOT provided for your insurance or any portion of it that is not guaranteed by the Insurer or for which you have assumed the risk, such as a variable contract sold by prospectus.**

**Insurance companies or their agents are required by law to give or send you this notice. However, insurance companies and their agents are prohibited by law from using the existence of the Association to induce you to purchase any kind of insurance policy.**

**If you have additional questions, you should first contact your insurer or agent and then may contact:**

| | | |
|---|---|---|
| **California Life and Health** | **OR** | **Consumer Service Division** |
| **Insurance Guaranty Association** | | **California Department of Insurance** |
| **P.O. Box 16860** | | **300 South Spring Street** |
| **Beverly Hills, CA 90209** | | **Los Angeles, CA 90013** |

---

Below is a brief summary of this law's coverages, exclusions and limits. This summary does not cover all provisions of the law; nor does it in any way change anyone's rights or obligations under the Act or the rights or obligations of the Association.

### COVERAGE

Generally, individuals will be protected by the California Life and Health Insurance Guaranty Association if they live in this state and hold a life or health insurance contract, or an annuity, or if they are insured under a group insurance contract, issued by a member insurer. The beneficiaries, payees or assignees of insured persons are protected as well, even if they live in another state.

000037

EXHIBIT A

## EXCLUSIONS FROM COVERAGE

However, persons holding such policies are not protected by this Association if:

their insurer was not authorized to do business in this state when it issued the policy or contract;

their policy was issued by a health care service plan (HMO), Blue Cross, Blue Shield, a charitable organization, a fraternal benefit society, a mandatory state pooling plan, a mutual assessment company, an insurance exchange, or a grants and annuities society;

they are eligible for protection under the laws of another state. This may occur when the insolvent insurer was incorporated in another state whose Guaranty Association protects insureds who live outside that state.

The Association also does not provide coverage for:

unallocated annuity contracts; that is, contracts which are not issued to and owned by an individual and which guarantee rights to group contract holders, not individuals;

employer and association plans to the extent they are self-funded or uninsured;

synthetic guaranteed interest contracts;

any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;

any policy of reinsurance unless an assumption certificate was issued;

interest rate yields that exceed an average rate; and

any portion of a contract that provides dividends or experience rating credits.

## LIMITS ON AMOUNT OF COVERAGE

The Act limits the Association to pay benefits as follows:

### Life and Annuity Benefits

80% of what the life insurance company would owe under a life policy or annuity contract up to

$100,000 in cash surrender values;

$100,000 in present value of annuities; or

$250,000 in life insurance death benefits.

A maximum of $250,000 for any one insured life no matter how many policies and contracts there were with the same company, even if the policies provided different types of coverages.

### Health Benefits

A maximum of $200,000 of the contractual obligations that the health insurance company would owe were it not insolvent. The maximum may increase or decrease annually based upon changes in the health care cost component of the consumer price index.

## PREMIUM SURCHARGE

Member insurers are required to recoup assessments paid to the Association by way of a surcharge on premiums charged for health insurance policies to which the act applies.

EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge ____Virginia A. Phillips____ and the assigned Magistrate Judge is ____David T. Bristow____ .

The case number on all documents filed with the Court should read as follows:

## EDCV13-01578 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

____September 3, 2013____
Date

By ____L. Murray____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| ALFRED STANSBURY, | LIFE INSURANCE COMPANY OF NORTH AMERICA, |

| (b) Attorneys (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.) |
|---|---|
| | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

28 U.S.C.§§1331, 1337 & 29 U.S.C.§1132(a),(e),(f) & (g) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**

☐ 375 False Claims Act

☐ 400 State Reapportionment

☐ 410 Antitrust

☐ 430 Banks and Banking

☐ 450 Commerce/ICC Rates/Etc.

☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Org.

☐ 480 Consumer Credit

☐ 490 Cable/Sat TV

☐ 850 Securities/Commodities/Exchange

☐ 890 Other Statutory Actions

☐ 891 Agricultural Acts

☐ 893 Environmental Matters

☐ 895 Freedom of Info. Act

☐ 896 Arbitration

☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision

☐ 950 Constitutionality of State Statutes

**CONTRACT**

☐ 110 Insurance

☐ 120 Marine

☐ 130 Miller Act

☐ 140 Negotiable Instrument

☐ 150 Recovery of Overpayment & Enforcement of Judgment

☐ 151 Medicare Act

☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)

☐ 153 Recovery of Overpayment of Vet. Benefits

☐ 160 Stockholders' Suits

☐ 190 Other Contract

☐ 195 Contract Product Liability

☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation

☐ 220 Foreclosure

☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**

☐ 240 Torts to Land

☐ 245 Tort Product Liability

☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**

☐ 310 Airplane

☐ 315 Airplane Product Liability

☐ 320 Assault, Libel & Slander

☐ 330 Fed. Employers' Liability

☐ 340 Marine

☐ 345 Marine Product Liability

☐ 350 Motor Vehicle

☐ 355 Motor Vehicle Product Liability

☐ 360 Other Personal Injury

☐ 362 Personal Injury-Med Malpratice

☐ 365 Personal Injury-Product Liability

☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability

☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**

☐ 462 Naturalization Application

☐ 465 Other Immigration Actions

**TORTS**

**PERSONAL PROPERTY**

☐ 370 Other Fraud

☐ 371 Truth in Lending

☐ 380 Other Personal Property Damage

☐ 385 Property Damage Product Liability

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158

☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**

☐ 440 Other Civil Rights

☐ 441 Voting

☐ 442 Employment

☐ 443 Housing/ Accomodations

☐ 445 American with Disabilities-Employment

☐ 446 American with Disabilities-Other

☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**

☐ 463 Alien Detainee

☐ 510 Motions to Vacate Sentence

☐ 530 General

☐ 535 Death Penalty

**Other:**

☐ 540 Mandamus/Other

☐ 550 Civil Rights

☐ 555 Prison Condition

☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**

☐ 625 Drug Related Seizure of Property 21 USC 881

☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act

☐ 720 Labor/Mgmt. Relations

☐ 740 Railway Labor Act

☐ 751 Family and Medical Leave Act

☐ 790 Other Labor Litigation

☒ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**

☐ 820 Copyrights

☐ 830 Patent

☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)

☐ 862 Black Lung (923)

☐ 863 DIWC/DIWW (405 (g))

☐ 864 SSID Title XVI

☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)

☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:  Case Number:** ED CV 13 - 01578 VAP (DTBx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                        CIVIL COVER SHEET                                        Page 1 of 2

American LegalNet, Inc.
www.FormsWorkFlow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Contra Costa |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Life Insurance Company of North America - Pennsylvania |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE:   September 3, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com